1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMIR EKUNWE,                              No.  2:14-cv-2410 TLN DAD PS

12              Plaintiff,

13        v.                                   ORDER DIRECTING CLERK TO SEND
                                               MATERIALS FOR SERVICE, AND
14   COUNTY OF SACRAMENTO, et al.,             REQUIRING SERVICE BY UNITED
                                               STATES MARSHAL
15              Defendants.

16

17        Plaintiff is proceeding in this action pro se.  This matter was, therefore, referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court are plaintiff's request for leave to proceed in forma pauperis under 28 U.S.C. §

20   1915 and pro se complaint.  The undersigned finds that plaintiff's in forma pauperis application

21   makes the showing required by the statute.

22        However, the court must dismiss an in forma pauperis case at any time if the allegation of

23   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

24   state a claim on which relief may be granted, or seeks monetary relief against an immune

25   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

26   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

27   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

28   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

                                               1

factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Here, plaintiff's complaint alleges, in part, that on October 13, 2012, defendant Sacramento County Sheriff's Deputy David McEntire, "began an unwarranted traffic stop," that eventually concluded with McEntire throwing plaintiff to the ground despite the fact that plaintiff

1    complied with McEntire's orders.  (Compl. (Dkt. No. 1) at 4-5.)

2         The Fourth Amendment, which applies to the states through the Fourteenth Amendment,

3    protects against unreasonable searches and seizures by law enforcement officers.  Mapp v. Ohio,

4    367 U.S. 643, 655 (1961).  The Fourth Amendment requires law enforcement officers to have at

5    least a reasonable suspicion of criminal activity before making a brief investigatory stop ("Terry

6    stop").  See Terry v. Ohio, 392 U.S. 1, 9 (1968); United States v. Johnson, 581 F.3d 994, 999 (9th

7    Cir. 2009) ("Police may detain or seize an individual for brief, investigatory purposes, provided

8    the officers making the stop have reasonable suspicion that criminal activity may be afoot.")

9    (citation and internal quotation marks omitted).

10         A claim that a law enforcement officer used excessive force during the course of an arrest

11    is analyzed under the Fourth Amendment and an objective reasonableness standard.  See Graham

12    v. Connor, 490 U.S. 386, 395 (1989).  Under this standard, "'[t]he force which [i]s applied must

13    be balanced against the need for that force: it is the need for force which is at the heart of the

14    Graham factors.'"  Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting

15    Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).  Force is

16    excessive when it is greater than is reasonable under the circumstances."  Santos v. Gates, 287

17    F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

18         In light of the allegations found in the complaint, the court finds it appropriate to order

19    service on defendant McEntire.[1]  Plaintiff's complaint also alleges causes of action against the

20    County of Sacramento and Sheriff Scott R. Jones.  In this regard, the complaint alleges that the

21    County of Sacramento and Sherriff Jones "are in some substantial way, liable and responsible for

22    . . . the occurrences complained of" by plaintiff "via supervisory liability" or by "creating and/or

23    causing the creation of and/or contributing to the creation of the policies and/or practices and/or

24    customs and/or usages of the Sacramento County Sheriff's Department."  (Id. at 6.)

25         However, supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the

26    actions of their employees under a theory of respondeat superior and, therefore, when a named

27

28

---

[1] Plaintiff's complaint also asserts causes of action against defendant McEntire for the intentional and negligent infliction of emotional distress.

3

1   defendant holds a supervisorial position, the causal link between him and the claimed

2   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th

3   Cir.1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.1978). Vague and conclusory

4   allegations concerning the involvement of official personnel in civil rights violations are not

5   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6          Pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality

7   may be liable under 42 U.S.C. § 1983 where the municipality itself causes the constitutional

8   violation through a "policy or custom, whether made by its lawmakers or those whose edicts or

9   acts may fairly be said to represent official policy."  436 U.S. at 694.  However, bare or

10  conclusory allegations regarding municipal customs, policies, or practices are insufficient to state

11  a Monell claims.  See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir.

12  2012).

13         The undersigned finds that the complaint does not state a cognizable claim against Sheriff

14  Scott Jones or the County of Sacramento.  The claims against those defendants will, therefore, be

15  dismissed with leave to amend.  Plaintiff will be granted thirty days to attempt to amend his

16  complaint to state a cognizable claim against Sheriff Scott Jones or the County of Sacramento,

17  however, he is not obligated to amend his complaint.[2]

18         Plaintiff is cautioned, however, that if he elects to file an amended complaint "the tenet

19  that a court must accept as true all of the allegations contained in a complaint is inapplicable to

20  legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

21  conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can

22  provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.

23  Those facts must be sufficient to push the claims "across the line from conceivable to

24  plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

25  /////

26

27  _____
    [2] If plaintiff elects to file an amended complaint, the court would be required to screen that
    complaint pursuant to 28 U.S.C. § 1915(e)(2) just as the court has, here in this order, screened the
28  original complaint.

1    Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

2    amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

3    in itself without reference to prior pleadings.  The amended complaint will supersede the original

4    complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

5    just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

6    and identified in the body of the complaint, and each claim and the involvement of each

7    defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

8    must also include concise but complete factual allegations describing the conduct and events

9    which underlie plaintiff's claims.

10    Conversely, plaintiff may elect to proceed forthwith solely with respect to defendant

11    McEntire, against whom he has stated a cognizable claim for relief, by following the instructions

12    provided below.  In the event plaintiff elects this course of action, the court will construe

13    plaintiff's election to proceed as consent to dismissal of all claims against Sherriff Scott Jones and

14    the County of Sacramento without prejudice.

15    Accordingly, IT IS HEREBY ORDERED that:

16    1.  Plaintiff's October 14, 2014 application to proceed in forma pauperis (Dkt. No. 2) is

17    granted.

18    2.  The claims against defendants Scott Jones and the County of Sacramento are dismissed

19    with leave to amend.  Within thirty days of service of this order, plaintiff may file an amended

20    complaint to attempt to state cognizable claims against these defendants.  Plaintiff, however, is

21    not obliged to amend his complaint.

22    3.  The Clerk of the Court is directed to issue process and to send plaintiff an instruction

23    sheet for service of process by the United States Marshal, one USM-285 form, a summons form,

24    and an endorsed copy of plaintiff's complaint filed October 14, 2014.  (Dkt. No. 1).

25    4.  If plaintiff elects to forgo the filing of an amended complaint and wishes to instead

26    proceed forthwith against defendant McEntire, within thirty (30) days after this order is served,

27    plaintiff shall submit to the United States Marshal one properly completed USM-285 forms, one

28    properly completed summons forms, and the number of copies of the endorsed complaint and of

1    this order required by the United States Marshal; the required documents shall be submitted

2    directly to the United States Marshal either by personal delivery or by mail to:  United States

3    Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).  In this

4    event, the court will construe plaintiff's election to proceed forthwith as consent to the dismissal

5    of his defective claims against defendants Scott Jones and the County of Sacramento without

6    prejudice.

7         5.  Within ten (10) days after submitting the required materials to the United States

8    Marshals Service, plaintiff shall file with this court a declaration stating the date on which he

9    submitted the required documents to the United States Marshal.  Failure to file the declaration in a

10   timely manner may result in an order imposing appropriate sanctions.

11        6.  Within thirty (30) days after receiving the necessary materials from plaintiff, the

12   United States Marshal is directed to serve process on defendant David McEntire without

13   prepayment of costs.

14        7.  The Clerk of the Court is directed to serve a copy of this order on the United States

15   Marshal.

16        8.  Plaintiff is cautioned that the failure to comply with this order may result in a

17   recommendation that this action be dismissed.

18   Dated:  April 20, 2015

19

20   _____

21   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

22   DAD:6
    Ddad1\orders.pro se\ekunwe2410.serve.ord.docx

23

24

25

26

27

28