UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR EKUNWE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-2410 TLN DB PS<br><br><br>ORDER |

　　　Plaintiff is proceeding in this action pro se.  This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

　　　On October 26, 2016, defendant David McEntire filed an ex parte application for an order to modify the pretrial scheduling order.  (ECF No. 25.)  Therein, defendant alleges that he served plaintiff with "Request for Production of Documents, Set One, Request for Admissions, Set One, and Special Interrogatories, Set One on August 12, 2016."  (Id. at 1.)  Plaintiff, however, "refused to provide any responses at all."  (Id.)  Defendant asserts that he "was prepared to file and serve" a motion to compel on October 18, 2016, but the undersigned's "calendar is full on every date prior to the discovery deadline."  (Id. at 2.)  Based on this argument, defendant seeks an extension of the discovery deadline to December 9, 2016.  (Id.)

　　　Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause' standard primarily

1

considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Here, on March 9, 2016, the previously assigned Magistrate Judge issued a Status (Pretrial Scheduling) Order setting the deadline for the completion of discovery for November 9, 2016. (ECF No. 21 at 3.)  Defendant waited over five months to propound the discovery at issue—discovery characterized as "Set One."  Defendant then waited more than two months to file a motion to compel plaintiff's response.

With respect to defendant's motion to compel, had defendant filed his motion to compel on October 18, 2016, the earliest defendant's motion could have been heard pursuant to Local Rule 251, would have been on November 1, 2016, just eight days prior to the deadline for the completion of discovery.  Given the nature of defendant's discovery requests, the undersigned would have found that eight days is not a sufficient amount of time in which to order a pro se party to respond to defendant's multiple discovery requests.

Moreover, November 1, 2016 is a Tuesday.  The undersigned regularly holds law and motion hearings on Fridays.  Had defendant filed his motion to compel on October 18, 2016, there would have been a single regularly occurring law and motion date, Friday November 4, 2016, only five days prior to the discovery cutoff.  Defendant, of course, could have filed an application for an order shortening time and/or requested a specially set hearing.  However, instead defendant waited another eight days to raise this issue on October 26, 2016.

In this regard, that the undersigned was unavailable on the one regularly occurring law and motion date remaining until the deadline for the completion of discovery is irrelevant. Defendant simply failed to bring his motion with sufficient time remaining under the discovery deadline.  Defendant has, therefore, failed to establish good cause for granting his motion and his motion will be denied.[1]  That denial, however, will be without prejudice to a renewed request by

---

[1] This is not to say that defendant could not fashion an argument establishing good cause from the facts alleged.  Defendant, however, has not raised that argument.

defendant that establishes good cause.

Accordingly, IT IS HEREBY ORDERED that defendant's October 26, 2016 ex parte application for an order to modify the pretrial scheduling order (ECF No. 25) is denied without prejudice.

Dated: October 31, 2016

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6\orders.pro se\ekunwe2410.eot.disc.den.ord